STATE OF NEW JERSEY, EX REL. WALTER SETH KIPNIS, RELATOR, v. WILLIAM A. DITTMAR, RESPONDENT.

Submitted January term, 1934—Decided July 12, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the relator, *Waddington & Mathews.*

For the respondent, *John Milton.*

PER CURIAM.

By an information in the nature of a writ of *quo warranto,* filed, apparently, under section 4 of the *Quo Warranto* act (3 *Comp. Stat., p.* 4212), relator challenges respondent's title to the office termed "chiropractic member" of the state board of medical examiners.

The facts are stipulated. On April 19th, 1930, relator, who was then, and still is, a duly licensed practitioner of the art or science of chiropractic, was appointed by the governor the "chiropractic member" of the board of medical examiners, under the provisions of section 12 of chapter 136 of the laws of 1921 (*Pamph. L.* 1921, *pp.* 263, 269), which directed the governor to appoint, within thirty days after the passage of the act, an "additional member" of the board of medical examiners, established by an act to regulate the practice of medicine and surgery, and to license physicians and surgeons, approved May 22d, 1894. 3 *Comp. Stat., p.* 3329. The qualifications of such member were prescribed by the act, *i. e.,* "a reputable chiropractor practicing chiropractic in this

state, and * * * a graduate of a legally incorporated school or college of chiropractic requiring personal attendance." It was further provided that the member so appointed "shall represent the school of practice to which he belongs in said board." The term was fixed at three years, "and until his successor is appointed and qualified."

On April 19th, 1933, the "Chiropractors of New Jersey," an unincorporated association of this state, submitted to Governor Moore "three names nominated by the said chiropractors of New Jersey for the position of chiropractic member of the said board of medical examiners, to succeed" relator. The governor ignored the nominations so made, and appointed respondent, who was not nominated by any society or association, to succeed relator. It is stipulated that respondent is a duly licensed chiropractic practitioner, and possesses the qualifications required by the act of 1921, hereinbefore referred to, and that the association which made the nominations to the governor is the only society or organization of chiropractors having the status prescribed by chapter 269 of the laws of 1917 (*Pamph. L.* 1917, *p.* 884), and that its nominees were then, and are now, in all respects qualified for appointment to the office in question.

The sole question at issue is the applicability of chapter 269 of the laws of 1917. Relator contends that the act applies; that the governor's appointment, which concededly was not in compliance with its provisions, was invalid, and that, consequently, he is entitled to the office under the holdover provision referred to.

We incline to the view that the governor, in the making of the appointment in question, was not bound by the provisions of the act of 1917. The act of 1921, which created the office, prescribes the qualifications. The member so appointed shall be a reputable chiropractor practicing in this state, and a graduate of a legally incorporated school or college of chiropractic requiring personal attendance, but the field of choice is not otherwise limited. We discern no legislative purpose, expressed or implied, to impose upon the governor the limitation prescribed by the act of 1917. On

the contrary, it may very well be that, for considerations that appealed to it, the legislature was disinclined to so restrict the governor in filling this particular office. In any event, the act of 1921, being a later expression of the legislature, will prevail. And the legislative body, having undertaken to lay down the qualifications, will be presumed, in the absence of a clearly expressed contrary purpose, to have intended that the restrictions therein imposed, and only those, shall limit the governor in the exercise of the power of appointment therein conferred.

Judgment for respondent.